Index No. 14 CV 7246 (VEC) (filed by ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL HARRELL, SUSAN CALVO, JOHN PETERS PROFESSIONAL LIMOUSINES, INC., JACKLYN RESTREPO and PEDRO CAMACHO individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

THE CITY OF NEW YORK, MEERA JOSHI, DAVID YASSKY and RAYMOND SCANLON,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION AND REARGUMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:    Sheryl Neufeld,*
*                         Karen B. Selvin*
*Tel: (212) 356-2208*
*Matter No. 2014-033235*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT…………………………………………………………………………...2

POINT I

THE DECISION FAILS TO IDENTIFY ANY EVIDENCE ESTABLISHING THAT THE PLAINTIFFS WERE IN FACT FIRST-TIME VIOLATORS AT THE TIME OF THEIR CITED VEHICLE SEIZURES, AND FURTHER, THE DECISION OVERLOOKED EVIDENCE PRESENTED BY THE DEFENDANTS THAT ESTABLISHED ADDITIONAL GROUNDS FOR CERTAIN SEIZURES ................................................................................. 2

POINT II

THE DECISION DENYING DEFENDANTS' MOTION TO DISMISS PUNITIVE DAMAGES CLAIM ASSERTED AGAINST THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES IS CONTRARY TO CONTROLLING LAW. ...................................................................................... 10

CONCLUSION ..................................................................................................................... 12

# TABLE OF AUTHORITIES

**CASES** **PAGES**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009).................................................................................................. 7

City of Newport v. Fact Concerts, Inc.,
    453 U.S. 247 (1981).......................................................................................... 10, 11

Daniels v. Williams,
    474 U.S. 327 (1986).................................................................................................. 7

Doe v. New York City Dep't of Social Services,
    649 F.2d 134 (2d Cir. 1981)..................................................................................... 7

Florida v. White,
    526 U.S. 559 (1999).................................................................................................. 4

Ivani Contracting Corp. v. The City of New York,
    103 F.3d 257 (2d Cir. 1997)................................................................................... 11

Kentucky v. Graham,
    473 U.S. 159 (1985)................................................................................................ 11

Miranda v. City of Cornelius,
    429 F.3d 858 (9th Cir. 1985) ................................................................................... 6

Monell v. Dep't of Soc. Svcs. of the City of New York,
    436 U.S. 658 (1978).................................................................................................. 7

New Windsor Volunteer Ambulance Corps, Inc. v. Meyers,
    442 F.3d 101 (2d Cir. 2005)........................................................................... 1, 10, 11

Shrader v. CSX Transp., Inc.,
    70 F.3d 255 (2d Cir. 1995)....................................................................................... 1

Smith v. Wade,
    461 U.S. 30 (1983).................................................................................................. 11

United States v. Rodriguez-Morales,
    929 F.2d 780 (1st Cir. 1991).................................................................................... 6

United States v. Velarde,
    903 F.2d 1163 (7th Cir. 1990) ................................................................................. 6

**STATUTES & RULES**

Fed. R. Civ. P. 59(e) ..................................................................................................... 1, 11

Local Rule 6.3 ................................................................................................................. 1, 11

NYC Admin. Code § 19-506(b)(1) ................................................................................. 5, 7

NYC Admin. Code § 19-506(h)(1) .............................................................................. 1, 2, 8

NYC Admin. Code § 19-506(h)(2) ................................................................................. 4, 5

**PRELIMINARY STATEMENT**

Pursuant to Fed. R. Civ. P. 59(e) and Rule 6.3 of the Local Rules for the United States Courts for the Southern and Eastern Districts of New York, defendants, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, move for reconsideration and reargument of the Court's September 30, 2015 Opinion and Order (hereinafter the "Decision") in which this Court found that the City's policy of seizing unlicensed for-hire vehicles, pursuant to New York City Administrative Code ("Admin. Code") § 19-506(h)(1), is unconstitutional as applied to alleged first-time violators only.

As detailed *infra*, the basis of this motion is two-fold. First, the Court issued its Decision pertaining to alleged first-time violators without citing to any evidence establishing that any of the named plaintiffs were first-time violators at the time of their cited vehicle seizures. Moreover, the Court mistakenly overlooked evidence produced by the defendants which, at a minimum, created an issue of fact as to whether the named plaintiffs were first-time violators at the time of their cited vehicle seizures and/or whether there was an additional basis for the vehicle seizure that was constitutionally permissible (i.e. suspended license, forfeiture). The Court's failure to address the individual circumstances and evidence surrounding each plaintiff's vehicle seizure and to render a ruling on the validity of the plaintiffs' individual claims is an error of law and entitles the defendants to the relief requested herein. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Second, the defendants respectfully bring to the Court's attention that it misquoted New Windsor Volunteer Ambulance Corps, Inc. v. Meyers, 442 F.3d 101, 122 (2d Cir. 2005) in its Decision and overlooked controlling case law that dictates that punitive damages are not available against individuals named in their official capacities. Thus, denial of

1

defendants' motion to dismiss the punitive damages claim asserted against defendants Joshi, Yassky, and Scanlon, in their official capacities, also constituted clear error of law.

In light of the foregoing, defendants respectfully submit that their motion for reconsideration and reargument should be granted, the Decision should be amended and/or vacated, and to the extent that the claims of any of the named plaintiffs proceed, that the defendants be permitted discovery to further ascertain the validity of those claims.[1]

## ARGUMENT

### POINT I

**THE DECISION FAILS TO IDENTIFY ANY EVIDENCE ESTABLISHING THAT THE PLAINTIFFS WERE IN FACT FIRST-TIME VIOLATORS AT THE TIME OF THEIR CITED VEHICLE SEIZURES, AND FURTHER, THE DECISION OVERLOOKED EVIDENCE PRESENTED BY THE DEFENDANTS THAT ESTABLISHED ADDITIONAL GROUNDS FOR CERTAIN SEIZURES.**

As set forth in the Decision, this Court determined that the City's policy of seizing unlicensed for-hire vehicles pursuant to Admin. Code § 19-506(h)(1), without a warrant, is unconstitutional as applied to alleged first-time violators only. Yet, in rendering such decision, it was incumbent upon the Court to first determine whether any of the named plaintiffs actually qualified as an alleged first-time violator at the time of his or her seizure. The Court

---

[1] By limiting their motion for reconsideration and reargument to these two discreet topics, the defendants are not conceding that the Court was correct in determining that the warrantless seizure of alleged first-time violator's vehicles, pursuant to Admin. Code § 19-506(h)(1), violates the Fourth and Fourteenth Amendments, nor are the defendants waiving any appellate remedies pertaining to the Court's Decision.

failed to do so. Further, it was incumbent upon the Court to address and respond to evidence presented by the defendants which indicated that certain of the plaintiffs' vehicles were subject to seizure based on additional grounds, such as forfeiture or a suspended driver's license, and that those additional grounds fell within a recognized exception to the warrant requirement. Again, the Court failed to do so in its Decision.[2]

As detailed *infra*, an examination of the evidence presented, or lack thereof, calls into question whether any of the named plaintiffs are covered by the Court's Decision.

**A.      Susan Calvo**

A review of the plaintiffs' submissions in support of their summary judgment cross-motion reveals that at no point was any evidence presented establishing that Ms. Calvo was an alleged first-time violator at the time that her vehicle was seized on June 4, 2014. See Calvo Dec.; Ackman Dec.; Plaintiffs' 56.1 Statement; Amended Complaint. This deficiency, in and of itself, compels a finding that Ms. Calvo's seizure cannot serve as the predicate for the Court's Decision pertaining to alleged first-time violators only.

---

[2] In the Decision, the Court recognized that the individual claims of the plaintiffs were in dispute when it noted in Footnote 11 the following: "In its response to Plaintiffs' [summary judgment] motion, the City submitted evidence creating a question of fact as to certain plaintiffs' individual claims." However, inexplicably, the Court then went on to state that "[b]ecause the motion does not adjudicate the individual claims, those questions of fact are not material for this motion." Decision at fn. 11, p. 4-5. The Court failed to explain how it could issue a wide-ranging determination that a City policy seizing unlicensed for-hire vehicles for alleged first-time violators was unconstitutional without first determining whether any of the named plaintiffs were actually covered by said policy and thereby injured under the Fourth and Fourteenth Amendments. Moreover, the defendants respectfully submit that both the defendants' motion to dismiss and the plaintiffs' cross-motion for summary judgment did in fact seek a final disposition of the plaintiffs' individual claims (see, e.g., Defendants' Reply, Point III; Plaintiffs' Notice of Motion for Summary Judgment). Therefore, it was incumbent upon the Court to have addressed those individual claims in its decision, which it did not do.

Moreover, in its Decision, the Court failed to address, and seemingly overlooked, affirmative evidence presented by the defendants that established that on at least three occasions in the prior thirty-six month period, Ms. Calvo either plead or was found guilty of unlicensed operation of a for-hire vehicle. See Selvin Reply Dec., Ex. L.[3] Accordingly, at the time of the seizure cited in the Amended Complaint, Ms. Calvo was not an alleged first-time violator.

Finally, the Decision failed to address the fact that at the time of Ms. Calvo's seizure on June 4, 2014, her vehicle was eligible for forfeiture under Admin. Code § 19-506(h)(2), which provides an additional basis for its seizure.[4] See Florida v. White, 526 U.S. 559 (1999); Plaintiffs' Memo. of Law in Support of Cross-Motion, Point II(D) (acknowledging forfeiture exception to warrant requirement).[5]

In light of all of these factors, Ms. Calvo's June 4, 2014 vehicle seizure is clearly not covered by the Court's Decision which pertains to alleged first-time violators only, and thus, the defendants' motion to dismiss Ms. Calvo's claims should have been granted, and the failure to do so, was a clear error of law.

---

[3] All citations are to materials and exhibits submitted by the parties in support of their respective dispositive motions.

[4] The Court's Decision applies to warrantless seizures where the sole basis for the seizure is an alleged first-time unlicensed operation violation and that violation is prosecuted in the civil tribunal. Correctly, the Court did not indicate that it was barring a warrantless seizure of a vehicle when there was an additional basis for such seizure that falls within a recognized exception to the warrant requirement (i.e. forfeiture, suspended license, parking tickets, illegal parking, etc…).

[5] The plaintiffs do not challenge Admin. Code § 19-506(h)(2) in this case.

### B. John Peters

Similar to Susan Calvo, the plaintiffs presented no evidence establishing that John Peters was an alleged first-time violator at the time of its cited vehicle seizure on December 5, 2013. See Ackman Dec.; Plaintiffs' 56.1 Statement; Amended Complaint. In fact, unlike the other plaintiffs, a representative of John Peters did not even submit a declaration attesting to any facts surrounding the December 5, 2013 vehicle seizure. Accordingly, the plaintiffs failed to establish that John Peters was an alleged first-time violator on December 5, 2013, and thus, John Peters' vehicle seizure could not serve as the predicate for the Court's ruling pertaining to alleged first-time violators only.

Furthermore, the Court overlooked evidence submitted by the defendants that affirmatively established that at the time of its December 5, 2013 vehicle seizure, John Peters was eligible for forfeiture under Admin. Code § 19-506(h)(2), which provided an additional basis for the seizure. Indeed, on at least three occasions in the prior thirty-six month period, John Peters plead guilty to violating Admin. Code § 19-506(b)(1). See Selvin Reply Dec., Ex. M. Accordingly, there was conclusive proof in the record that John Peters was not an alleged first-time violator at the time of its cited vehicle seizure.

In light of all of these factors, John Peters' December 5, 2013 vehicle seizure is clearly not covered by the Court's Decision, which pertains to alleged first-time violators only, and thus, the defendants' motion to dismiss John Peters' claims should have been granted, and the failure to do so, was an error of law.

### C. Jacklyn Restrepo

As previously noted for the Court in Defendants' Reply Memorandum of Law in Support of Motion to Dismiss (hereinafter "Defendants' Reply"), while Ms. Restrepo complained in her summary judgment cross-motion about vehicle seizures on September 9, 2013 and July 23, 2014, the September 9, 2013 incident was not referenced anywhere in the Amended Complaint. See Defendants' Reply at 17; Amended Complaint. Accordingly, the defendants submit that the September 9, 2013 incident cannot be considered by this Court, and the Court is limited to reviewing the evidence pertaining to Ms. Restrepo's July 23, 2014 incident only.

Similar to Susan Calvo and John Peters, the plaintiffs failed to submit any evidence establishing that Ms. Restrepo was an alleged first-time violator at the time of the vehicle seizure on July 23, 2014. See Restrepo Dec.; Ackman Dec.; Plaintiffs' 56.1 Statement; Amended Complaint. This deficiency, in and of itself, compels a finding that Ms. Restrepo's July 23, 2014 vehicle seizure could not serve as the predicate for the Court's decision pertaining to alleged first-time violators only.

Moreover, the Court failed to address, and seemingly overlooked, affirmative evidence presented by the defendants that established that at the time of the July 23, 2014 vehicle seizure, Ms. Restrepo's driver, Jason Calvo, had a suspended license. See Selvin Dec., Ex. A and F. As previously noted for the Court in Defendants' Reply, it is well-settled that a vehicle may be seized, without a warrant, when it is operated by an individual without a valid driver's license pursuant to the government's community caretaking function. See Defendants' Reply at 17-19; Miranda v. City of Cornelius, 429 F.3d 858, 865 (9th Cir. 2005); United States v. Rodriguez-Morales, 929 F.2d 780, 785 (1st Cir. 1991); United States v. Velarde, 903 F.2d 1163,

1166 (7th Cir. 1990). Accordingly, Jason Calvo's suspended driver's license provided an additional basis for the seizure of Jacklyn Restrepo's vehicle on July 23, 2014, which defeats plaintiff Restrepo's claims in the instant case.

In light of the foregoing, the defendants' motion to dismiss Jacklyn Restrepo's claims should have been granted, and the failure to do so, was a clear error of law.

**D.    Pedro Camacho**

As previously admitted by the defendants, the seizure of Mr. Camacho's vehicle on January 9, 2014 was a mistake. See Defendants' Reply Mulero Reply Dec., ¶¶ 6-9. Mr. Camacho's summons indicated that the for-hire trip originated outside of the jurisdiction and was continuous, thereby placing the activity beyond that which is prohibited under Admin. Code § 19-506(b)(1). See id.; Selvin Dec., Ex. B.

This mistake is a simple negligent act that is not a product of any established state procedure. Therefore, it does not amount to a violation of a constitutional right and any alleged injury may be remedied through a state tort action. See Daniels v. Williams, 474 U.S. 327, 330, 332-33 (1986). The Second Circuit Court of Appeals has made clear that such ordinary negligence does not justify § 1983 relief, which is the relief requested in the instant case. See Doe v. New York City Dep't of Social Services, 649 F.2d 134, 143 (2d Cir. 1981). Moreover, it is well-settled that both the City and the individually-named defendants cannot be found liable for the inspector's mistake under a theory of *respondeat superior*. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Monell v. Dep't of Soc. Svcs. of the City of New York, 436 U.S. 658, 691 (1978).

Since plaintiff Camacho's claims emanate from a mistake, based on the foregoing case law, they cannot serve as the predicate for this Court's Decision pertaining to the constitutionality of the vehicle seizure provision contained in Admin. Code § 19-506(h)(1). Accordingly, the defendants' motion to dismiss Pedro Camacho's claims should have been granted, and the failure to do so, was a clear error of law.[6]

**E.     Michael Harrell**

Plaintiff Michael Harrell is the only plaintiff identified in the Amended Complaint as an alleged first-time violator at the time of his cited vehicle seizure on December 18, 2013. See Amended Complaint at § 57. While Mr. Harrell briefly reiterates this claim in his declaration submitted in support of summary judgment, no corroborating evidence was provided on this topic, such as copies of the vehicle title and registration, and no allegations pertaining to this topic were listed as material facts in the plaintiffs' 56.1 Statement. See Harrell Dec., ¶ 5; Plaintiffs' 56.1 Statement.

While the Court's Decision covers alleged first-time violators only, defendants submit that inextricably intertwined with any finding that an individual is a covered first-time violator must be a finding by the Court that the alleged violator is the true and legitimate owner of the vehicle seized and that said deprivation caused an injury. The defendants, in their motion to dismiss papers, provided the Court with evidence that creates a triable issue of fact as to

---

[6] Defendants also note that similar to plaintiffs Calvo, John Peters, and Restrepo, the plaintiffs failed to submit any evidence in support of their cross-motion for summary judgment establishing that Pedro Camacho was an alleged first-time violator on January 9, 2014. See Camacho Dec.; Ackman Dec.; Plaintiffs' 56.1 Statement; Amended Complaint. This deficiency, in and of itself, precludes Mr. Camacho from serving as the predicate for the Court's Decision pertaining to first-time violators.

whether Mr. Harrell is the true and legitimate owner of the vehicle seized on December 18, 2013, and that he suffered a redressable constitutional violation as a result of that seizure.

For example, defendants provided the Court with copies of five unlicensed operation summonses issued to Mr. Harrell as a vehicle "owner" over the one year period from December 2013 until December 2014. These summonses indicate that Mr. Harrell, an alleged college student, "owned" at least five (5) vehicles during that time period, all of which were being driven by different individuals at the time of the observed unlicensed activity. See Selvin Dec., Ex. A; Selvin Reply Dec., Ex. K. Of note, the plaintiffs have failed to explain how a college student living in Brooklyn, New York, "owns" five different vehicles at virtually the same time. Moreover, the plaintiffs fail to explain with sufficient particularity how an "owner" of a vehicle, who is presumably injured by the deprivation of said vehicle, defaults at his hearing, waits months to file an application to vacate that default, and then waits even more months to try and retrieve his vehicle, which by this point, has been deemed abandoned.

Along with providing the Court with copies of college student Michael Harrell's unlicensed operation summonses, which indicate that in a one year period Mr. Harrell purportedly "owned" at least five different vehicles, the defendants also provided the Court with a copy of a tribunal decision that found that Michael Harrell's testimony was not credible. See Selvin Reply Dec., Ex. K.

In light of the foregoing, all of which calls into question the veracity of any claims made by plaintiff Michael Harrell in this case, defendants submit that any grant of summary judgment pertaining to Michael Harrell is premature at this time. The defendants should be permitted to conduct discovery as to Mr. Harrell's ownership and operation of the seized vehicle

to ascertain whether its seizure may serve as a predicate upon which the Court can base its Decision rendered on September 30, 2015.

### POINT II

**THE DECISION DENYING DEFENDANTS' MOTION TO DISMISS PUNITIVE DAMAGES CLAIM ASSERTED AGAINST THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES IS CONTRARY TO CONTROLLING LAW.**

In the Decision, this Court granted the individual defendants' motion to dismiss all claims asserted against them in their individual capacities on the basis of qualified immunity, granted the City's motion to dismiss the claim for punitive damages on the basis that such damages are not available against a municipality, but then denied the motion to dismiss the punitive damages claim asserted against the individual defendants in their official capacities. Decision at 18-19. In support of its decision to allow a punitive damages claim to proceed against the individual defendants in their official capacities, the Court cited to New Windsor Volunteer Ambulance Corps, Inc. v. Meyers, 442 F.3d 101, 122 (2d Cir. 2005). Defendants respectfully note that the Court misquoted New Windsor and disregarded controlling case law that dictates that punitive damages are not available against individuals named in their official capacities.

On page 19 of the Decision, the Court claims that New Windsor contains the following quote: "Although a municipality itself is immune from a claim for punitive damages, [cit.], that immunity does not extend to a municipal official sued in his official capacity." This quotation is inaccurate. Instead, the cited line in New Windsor states the following: "Although a municipality itself is immune from a claim for punitive damages, *see City of Newport v. Fact*

to ascertain whether its seizure may serve as a predicate upon which the Court can base its Decision rendered on September 30, 2015.

### POINT II

**THE DECISION DENYING DEFENDANTS' MOTION TO DISMISS PUNITIVE DAMAGES CLAIM ASSERTED AGAINST THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES IS CONTRARY TO CONTROLLING LAW.**

In the Decision, this Court granted the individual defendants' motion to dismiss all claims asserted against them in their individual capacities on the basis of qualified immunity, granted the City's motion to dismiss the claim for punitive damages on the basis that such damages are not available against a municipality, but then denied the motion to dismiss the punitive damages claim asserted against the individual defendants in their official capacities. Decision at 18-19. In support of its decision to allow a punitive damages claim to proceed against the individual defendants in their official capacities, the Court cited to New Windsor Volunteer Ambulance Corps, Inc. v. Meyers, 442 F.3d 101, 122 (2d Cir. 2005). Defendants respectfully note that the Court misquoted New Windsor and disregarded controlling case law that dictates that punitive damages are not available against individuals named in their official capacities.

On page 19 of the Decision, the Court claims that New Windsor contains the following quote: "Although a municipality itself is immune from a claim for punitive damages, [cit.], that immunity does not extend to a municipal official sued in his official capacity." This quotation is inaccurate. Instead, the cited line in New Windsor states the following: "Although a municipality itself is immune from a claim for punitive damages, *see City of Newport v. Fact*

*Concerts, Inc.*, 453 U.S. 247, 258-68, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981), that immunity does not extend to a municipal official sued in his **individual** capacity, *see, e.g., Smith v. Wade*, 461 U.S. at 55-56." New Windsor, 442 F.3d at 122 (emphasis supplied). Indeed, New Windsor reiterates the well-settled principle that punitive damages are only available against officials named in their individual capacity.[7]

The Court has acknowledged that "an official-capacity action is in all respects other than name, to be treated as a suit against the City," (Decision at 17-18) (internal quotation marks omitted) (*quoting* Kentucky v. Graham, 473 U.S. 159, 166 (1985), and has correctly noted that punitive damages are not available against the City (id. at 19). Thus, the Court's decision to allow a claim for punitive damages to go forward against the individual defendants in their official capacities is contrary to controlling case law. See Ivani Contracting Corp. v. The City of New York, 103 F.3d 257, 262 (2d Cir. 1997) (officers sued in their official capacity enjoy the same immunity from punitive damages as the City).

Accordingly, pursuant to Fed. R. Civ. P. 59(e) and Rule 6.3 of the Local Rules, the defendants respectfully move for reconsideration and reargument of the denial of the prong of defendants' motion to dismiss seeking dismissal of the claim for punitive damages asserted against defendants Joshi, Yassky, and Scanlon in their official capacities.

---

[7] As noted *supra*, the individual capacity claims have been dismissed by this Court based on the doctrine of qualified immunity.

## CONCLUSION

Based on the foregoing and all of the papers submitted herein, defendants' motion for reconsideration and reargument should be granted, the Decision should be amended and/or vacated, and to the extent that the claims of any of the named plaintiffs proceed, the defendants should be permitted discovery to further ascertain the validity of those claims.

Dated: New York, New York
October 23, 2015

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
Attorney for Defendants

By:    /s/ Karen B. Selvin
     KAREN B. SELVIN (KS-3816)
     Assistant Corporation Counsel
     100 Church Street
     New York, NY 10007
     (212) 356-2208
     KSELVIN@LAW.NYC.GOV