| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------- X<br>MICHAEL HARRELL, SUSAN CALVO,<br>JOHN PETERS PROFESSIONAL LIMOUSINES,<br>INC., JACKLYN RESTREPO, and PETER<br>CAMACHO, individually and on behalf of all<br>others similarly situated,<br><br>                                        Plaintiffs,<br><br>                       -against-<br><br>CITY OF NEW YORK, MEERA JOSHI, DAVID<br>YASSKY, and RAYMOND SCANLON,<br><br>                                  Defendants.<br>-------------------------------------------------------------- X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 12/18/2015<br><br>14-CV-7246 (VEC)<br><br>OPINION AND ORDER |

VALERIE CAPRONI, United States District Judge:

The Court assumes the parties' familiarity with the facts of the case and directs readers to its prior opinion. *See* Opinion & Order, *Harrell v. City of New York*, No. 14-CV-7246 (VEC), 2015 WL 5729582 (S.D.N.Y. Sept. 30, 2015) *corrected on* Nov. 10, 2015 (Dkt. 52). Defendants move pursuant to Fed. R. Civ. P. 59(e)[1] and Local Rule 6.3 for reconsideration and reargument of certain portions of the Court's September 30, 2015 Opinion and Order (hereinafter "September 30, 2015 Opinion" or "Opinion"). For the following reasons, Defendants' motion is GRANTED in part and DENIED in part.

---

[1] Plaintiffs assert that Defendants' motion is untimely because Local Rule 6.3 requires a motion for reconsideration to be filed within 14 days and that Defendants are improperly boot-strapping to the longer 28 day deadline under Rule 59(e) of the Federal Rules of Civil Procedure. Pls. Recon. Opp'n at 2 (Dkt. 64). Courts within this Circuit permit a motion to reconsider and amend a decision granting summary judgment to be brought under Rule 59(e). *See Patel v. Lutheran Med. Ctr. Inc.*, 775 F. Supp. 592, 596 (E.D.N.Y. 1991); *cf. SEC v. Credit Bancorp, Ltd.*, No. 99 Civ. 11395 (RWS), 2001 WL 1135652, at *1 (S.D.N.Y Sept. 26, 2001). "In general, in determining whether a motion is brought properly under Rule 59(e), courts look beyond the form of the motion to the substance of the relief requested." Wright & Miller, 11 Fed. Prac. & Proc. § 2817. As Defendants correctly note, the September 30, 2015 Opinion granted Plaintiffs' motion for summary judgment as to first time violators and, therefore, their motion for reconsideration and reargument of that decision may properly be brought under Rule 59(e). Defendants' motion was timely filed on October 23, 2015, within the 28-day window provided by Rule 59(e).

# DISCUSSION[2]

As the Second Circuit has instructed, "[a] motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) ("'The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "Under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, a party seeking reconsideration must 'demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.'" *McDowell v. Eli Lilly & Co.*, No. 13 Civ. 3786, 2015 WL 845720, at *2 (S.D.N.Y. Feb. 26, 2015) (quoting *MBIA Ins. Corp. v. Patriarch Partners VIII, LLC,* 842 F. Supp. 2d 682, 715 (S.D.N.Y. 2012)). These requirements are not to be taken lightly; reconsideration of a court's prior order is an "'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *McDowell*, 2015 WL 845720, at *2 (quoting *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012)). The standard for reconsideration is strict to "prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters," *Jackson v. Odenat*, 9 F. Supp. 3d 342, 368 (S.D.N.Y. 2014)

---

[2] The Court refers to the parties' briefing on the motion for reconsideration as "Defs. Recon. Mem.," "Pls. Recon. Opp'n," and Defs. Recon. Reply." The Court refers to the underlying motions as "Defs. MtD Mem.," "Pls. MSJ Mem." "Defs. MSJ Opp'n." and "Pls. MSJ Reply."

(internal quotation omitted). As the Second Circuit has stated, motions for reconsideration "are not vehicles for taking a second bite at the apple . . . ." *Rafter*, 288 F. App'x at 769 (quotation and citation omitted).

Defendants do not purport to identify a change in law or the availability of new evidence but assert that the September 30, 2015 Opinion contains an error of law.[3] According to Defendants, this Court did not "address the individual circumstances and evidence surrounding each plaintiff's vehicle seizure and . . . render a ruling on the validity of the plaintiffs' individual claims." Defs. Recon. Mem. at 1 (Dkt. 62). Essentially, Defendants take issue with the Court's determination that it could defer the adjudication of individual claims in this putative class action and decide only the legal issue presented. *See* Opinion at 4-5 n.11.

Both the Defendants' Motion to Dismiss and the Plaintiffs' Cross Motion for Summary Judgment presented the legal question of whether the City's policy of seizing the vehicles of first time violators was constitutional. If the Defendants had been correct on that legal issue, their motion to dismiss would have been granted. Because the Court instead found that the Plaintiffs were correct, it granted their Cross Motion for Summary Judgment *as to first time violators*. The Opinion expressly anticipated that there would be further litigation regarding the class, which would by its nature include whether the named Plaintiffs are actually members of that class. *See id.* at 20 (noting that the Amended Complaint sought class certification and instructing the parties to submit a joint letter addressing "whether Plaintiffs still wish to pursue class certification, and, if so, whether they require class discovery before briefing that request."). Although they have not made the argument in so many words, the Court understands the

---

[3] Defendants' argument relative to the punitive damages claim was addressed by the Court's corrected Memorandum Opinion and Order dated November 10, 2015 at Docket Entry 52.

Defendants' argument on reconsideration to be that the Court cannot issue a binding decision on the constitutionality of the City's policy without first determining that at least one Plaintiff has standing – meaning that he or she was actually injured by the policy at issue.

When responding to Plaintiffs' Cross Motion for Summary Judgment, Defendants never argued that there was any question of fact regarding whether Plaintiffs Michael Harrell, Jacklyn Restrepo and Pedro Camacho were first time violators when their vehicles were seized. *See generally* Defs. MSJ Opp'n (Dkt. 41). Indeed, based on the unrefuted evidence presented by Plaintiffs, there is no question of fact that each was a first time violator who was injured by the policy.

As to Harrell, Defendants argue in their Motion for Reconsideration for the first time that he failed to provide any corroborating evidence of vehicle ownership – *i.e.*, no vehicle title or registration – and that "any grant of summary judgment pertaining to Michael Harrell is premature" because Defendants presented evidence sufficient to create a question of fact as to Harrell's true and legitimate ownership of the vehicle that was seized. Defs. Recon. Mem. at 8-9; Defs. Recon. Reply at 7-8. Although the evidence Defendants point to was presented in Defendants' opposition to Plaintiffs' Cross Motion for Summary Judgment, this particular argument was not made. *See* Defs. MSJ Opp'n at 15.[4] More important, Defendants concede that they "are not disputing that records indicate that Mr. Harrell is the owner of the vehicle seized." Defs. Recon. Reply at 7-8. The fact that Defendants do not dispute the records that

---

[4] As noted above, a motion for reconsiderations is not a vehicle for taking a second bite at the apple by presenting new arguments. Nevertheless, on reargument, Defendants argue for the first time that the fact that Harrell, a college student, has had multiple vehicles seized as unlicensed for hire vehicles calls into question whether Harrell really owns any of the vehicles. The Court concurs with the Defendants that the evidence is curious, but if the Defendants really believe that it creates a question of fact regarding true ownership of the vehicle, that argument should have been made in response to the Plaintiffs' Cross Motion for Summary Judgment. It is now too late to make the argument relative to his individual claim, although it could be relevant on the question of whether he is a suitable class representative.

4

evidence Harrell's ownership of the seized vehicle, in conjunction with Defendants not disputing that Harrell was a first time violator (*see* Defs. Recon. Mem. at 8; Defs. Recon. Reply at 7 (Dkt. 67); Defs. MSJ Opp'n at 14-15; Defs. Resp. 56.1 Stmt. ¶ 20 (Dkt. 43)) is dispositive; Harrell is entitled to summary judgment on his individual claim.[5]

Plaintiff Jacklyn Restrepo is also unquestionably a first-time violator. The Opinion noted that "Restrepo's vehicle was seized on or around September 9, 2013, when it was being driven by her boyfriend. Pl. 56.1 Stmt. ¶ 41. . . . Her vehicle was seized a second time on July 23, 2014, also when being driven by her boyfriend. *Id.* ¶ 45." Opinion at 2 n.2. Defendants argue in their Motion for Reconsideration, as they did in their opposition to Plaintiffs' Cross-Motion for Summary Judgment, that "the September 9, 2013 incident cannot be considered by this Court, and the Court is limited to reviewing the evidence pertaining to Ms. Restrepo's July 23, 2014 incident only." Defs. Recon. Mem. at 6; Defs. MSJ Opp'n at 17. The Court disagrees.

The Amended Complaint alleges two instances when Restrepo's car was seized. The first was allegedly "[o]n or around July 23, 2013," Am. Compl. ¶ 86 (Dkt. 24), and the second was allegedly "[o]n or around July 23, 2014," *id.* ¶ 90. In Plaintiffs' Cross-Motion for Summary Judgment and supporting documents, however, Plaintiffs reference the first seizure as having occurred on September 9, 2013. Pls. MSJ Mem. at 9; Pls.' 56.1 Stmt. ¶ 41; Restrepo Decl. ¶¶ 1-5 (Dkt. 35). Plaintiffs' use of the date July 23, 2013, in the Amended Complaint is an obvious scrivener's error, known to the Defendants to be such.

---

[5] Defendants further argue that the Court never addressed their argument that "with regard to Michael Harrell, Jacklyn Restrepo, and John Peters Limousines, as their vehicles were being driven unlawfully by third-parties with no known ownership interest in the vehicle, their seizures were also justified under the community caretaking function exception to the warrant requirement." Defs. Recon. Reply at 8 n.5. (citing Defs. MSJ Opp'n at 19 n. 23). Because Defendants have consistently raised this argument only in footnotes, the Court is not obligated to address it. *Niagara Mohawk Power Corp. v. Hudson River–Black River Regulating Dist.,* 673 F.3d 84, 107 (2d Cir. 2012); *see also Gross v. Rell,* 585 F.3d 72, 95 (2d Cir. 2009); *Tolbert v. Queens Coll.,* 242 F.3d 58, 75 (2d Cir. 2001); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998) ("[A]n argument made only in a footnote was inadequately raised."); *United States v. Restrepo,* 986 F.2d 1462, 1463 (2d Cir. 1993).

In their opposition to the Plaintiffs' Cross Motion for Summary Judgment, Defendants presented two summonses, one for Jason Calvo and the other for Jacklyn Restrepo, both dated September 9, 2013, and both showing the violation occurred at 49th Street and Lexington Avenue. Selvin Reply Decl. at Ex. N (Dkt. 44). Those summonses are consistent with the allegations in the Amended Complaint that, for her first vehicle seizure, "[b]oth Ms. Restrepo and her boyfriend were given summonses citing Section 19-506B(1), the boyfriend as the driver and Ms. Restrepo as the owner," and the car was seized "on Lexington Avenue in Manhattan." Am. Compl. ¶¶ 86-87. Plaintiffs' evidence of Restrepo posting a $2000.00 seizure bond and of a vehicle release form, both dated September 10, 2013, Ackman Decl. at Exs. 14 & 15 (Dkt. 38), are consistent with the allegations in the Amended Complaint regarding the seizure bond and the vehicle release form for the first incident, Am. Compl. ¶ 88. Finally, Plaintiffs' evidence that Restrepo's summons was dismissed on September 18, 2013, Ackman Decl. at Ex. 5, is consistent with the allegations in the Amended Complaint that Restrepo was found not guilty and the summonses against her and the driver were dismissed, Am. Compl. ¶ 89. In short, the evidence presented by Restrepo in connection with the Plaintiffs' Cross Motion for Summary Judgment made it clear that the reference in the Amended Complaint to a July 23, 2013, seizure was a scrivener's error; the date should have been September 9, 2013. Defendants knew that the September 9th seizure was the seizure being referred to in the Amended Complaint as evidenced by the fact that they presented the summonses from the September 9th incident in their opposition to Plaintiffs' Cross Motion for Summary Judgment. Accordingly, the Court deems the Amended Complaint to have been constructively amended to conform to the proof that the first seizure occurred on September 9, 2013. *See Clomon v. Jackson*, 988 F.2d 1314, 1323 (2d Cir. 1993) ("[T]he undisputed facts as presented on the summary judgment motion served as a

basis to deem the complaint amended to conform with the proof pursuant to Fed. R. Civ. P. 15(b).").

Because the Defendants did not dispute in their opposition to the Cross Motion for Summary Judgment that the seizure on September 9, 2013, was a seizure of a first-time violator's vehicle, *see* Defs. MSJ Opp'n at 17-19, Restrepo is entitled to summary judgment on her individual claims.[6]

As to Plaintiff Pedro Camacho, Defendants argued in the underlying motions and in the motion for reconsideration that his "summons was issued in error as the summons, while detailing for-hire activity, indicates that the ride originated in New Jersey and was continuous, thus placing the activity beyond that prohibited by Admin. Code § 19-506(b)(1)." *Id.* at 19; *see also* Defs. Recon. Mem. 7-8. Therefore, they argue, because Camacho's summons did not establish probable cause for the seizure, the resulting vehicle seizure was not authorized pursuant to the Administrative Code. Defs. MSJ Opp'n at 19, n.24. According to Defendants, the vehicle seizure, therefore, was a simple negligent act that does not amount to the violation of a constitutional right. *Id.* at 19-20; Defs. Recon. Mem. at 7-8.

Defendants' argument proves too much. While the taxi inspector who directed the seizure was wrong to seize a vehicle that originated its trip in New Jersey and was continuous (for the reasons Defendants point out), the vehicle was seized pursuant to the same policy that led to the other seizures. Whether Camacho's seizure can ultimately be included in the class as proposed by Plaintiffs remains an issue to be decided another day. There is no question of fact, however, that his vehicle was seized because of the policy that this Court has found to be

---

[6] Defendants' arguments regarding Restrepo and the "community caretaking function" in their opposition to Plaintiffs' Cross-Motion for Summary Judgment focused on the seizure that occurred on July 23, 2014. Defs. MSJ Opp'n at 18-19. Regardless of the merit *vel non* of those arguments, they did not address Restrepo's claims arising from the first seizure.

unconstitutional.  The fact that he did not actually violate the law does not separate him from the New York vehicle owners and drivers who were found not guilty after a hearing – all had their cars seized pursuant to an unconstitutional policy.

As to Plaintiffs Calvo and John Peters Limousines, the Defendants presented evidence that they were not first time violators when the complained of seizures occurred.  *See* Selvin Reply Decl. ¶ 8, Ex. L (regarding Calvo); *id.* ¶ 9, Ex. M (regarding John Peters Limousines).  The Opinion found that there are questions of fact as to those Plaintiffs.  *See* Opinion at 2 n. 2, 4-5 n.11.  Accordingly, the Court grants Defendants' Motion for Reconsideration as to Plaintiffs Calvo and John Peters Limousines and denies those Plaintiffs' Cross-Motions for Summary Judgment.

## CONCLUSION

For all the reasons discussed above, Defendants' Motion for Reconsideration (Dkt. 60) is GRANTED in part and DENIED in part.   Plaintiffs' Cross-Motion for Summary Judgment is denied as to Susan Calvo and John Peters Professional Limousines, Inc., but granted as to all other Plaintiffs.  The Clerk of Court is respectfully directed to terminate Docket Entry 60.

**SO ORDERED.**

**Date:  December 18, 2015**  **VALERIE CAPRONI**
**New York, New York**           **United States District Judge**