

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**KAREN B. SELVIN**
Phone: (212) 356-2208
Fax: (212) 356-2019
kselvin@law.nyc.gov

September 19, 2016

**Via ECF**
Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

Re:  Harrell, et al. v. City of New York,  et al.  14 CV 7246 (VEC)

Your Honor:

      I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for the defendants in the above-referenced matter.  I write to coordinate a teleconference with the Court, pursuant to Section 3(A) of the Court's Individual Rules, pertaining to plaintiffs' continued non-compliance with this Court's discovery orders and the defendants' intent to file a FRCP 37 sanctions motion that will include a request to strike the pleadings of plaintiffs John Peters Professional Limousines ("JPPL") and Michael Harrell.

      Defendants previously advised the Court that plaintiffs provided an inaccurate vehicle list for plaintiff Michael Harrell and had failed to provide any of the court-ordered vehicle documentation for Mr. Harrell.  See, e.g., Dkt., 125 at 5, fn. 3 (7/12/16 Joint Discovery Status Letter).[1]  Now, coupled with this failure, plaintiffs and their counsel have chosen to provide incomplete vehicle title, registration, and insurance information for plaintiff JPPL.  Your Honor specifically cautioned plaintiffs' counsel during our last conference on July 21, 2016 that if they failed to provide the required JPPL information by August 8, 2016, there would be no further extensions and "[y]ou run the risk of whatever sanctions I can do at this point."  7/21/16 Tr. at 23:24-24:12.  Defendants submit that plaintiffs' willful refusal to comply with this Court's discovery orders now warrants the imposition of sanctions pursuant to FRCP 37.

---

[1] Plaintiffs' counsel has never disputed that the Harrell vehicle list was inaccurate, nor have they disputed that they failed to provide any vehicle documentation for Michael Harrell.

Plaintiffs Violate April 25, 2016 and July 22, 2016 Discovery Orders

As the Court is aware, after plaintiffs failed to provide any documents in response to Defendants' First Set of Interrogatories and Requests for the Production of Documents, dated February 1, 2016, Your Honor issued an Order on April 25, 2016 directing plaintiffs to provide defendants with a list by April 30, 2016 of all vehicles owned, leased, or maintained within their custody and control during the proposed class period, as well as copies of the titles, registrations and insurance documents. See Dkt. 107. Thereafter, plaintiffs provided defendants with a list purportedly identifying vehicles associated with the named plaintiffs. On that April 2016 vehicle list, plaintiffs listed only one vehicle for JPPL and inserted a footnote that acknowledged that JPPL owned a number of vehicles but that "in the interest of expediency" only the one vehicle that was seized was being listed. A copy of plaintiffs' April 2016 vehicle list is annexed hereto as Exhibit A. Plaintiffs failed to explain why they thought they could unilaterally opt out of the Court's April 25, 2016 Order and list only one of the JPPL vehicles. Along with providing an incomplete vehicle list for JPPL, plaintiffs identified only five vehicles for Michael Harrell, a list that was quickly determined to be false, and failed to provide any of the required vehicle documentation for plaintiffs JPPL and Michael Harrell.

Defendants subsequently contacted plaintiffs' counsel to address the deficiency in the production and informed them that in accordance with the April 25, 2016 Order, a complete vehicle list for JPPL was required, along with the title, registration, and insurance documentation for each listed vehicle. During a meet and confer on this topic on June 2, 2016, plaintiffs' counsel Andrew St. Laurent represented to defense counsel that the JPPL information would be provided. Yet, more than a month later, the defendants were still waiting for the production. On July 12, 2016, only hours before the parties were due to file a joint discovery status letter with the Court which would include details about plaintiffs' non-compliance with the April 25, 2016 discovery order, plaintiffs' counsel Joseph Gallagher finally produced to defendants a vehicle list for JPPL. In the email accompanying the JPPL vehicle list, Mr. Gallagher represented that the "spreadsheet lists the vehicles owned by JPPL at and since the time of their first Section 19-506 seizure."[2] The July 12, 2016 JPPL vehicle list identified forty-nine (49) vehicles and included notations indicating that only three of the vehicles had been sold. A copy of the July 12, 2016 JPPL vehicle list is annexed hereto as Exhibit B. While a JPPL vehicle list was finally provided, plaintiffs still refused to provide any of the required vehicle documentation for the JPPL vehicles.

During an appearance before this Court on July 21, 2016, the plaintiffs' non-compliance with the April 25, 2016 court order was discussed. During that appearance, plaintiffs' counsel Andrew St. Laurent represented to the Court that the plaintiffs would provide the title, registration, and insurance information for JPPL. 7/21/16 Tr. 23:24-24:3. As detailed *supra*, the Court gave plaintiffs an August 8, 2016 deadline to provide this documentation and specifically

---

[2] On its face, Mr. Gallagher's statement indicates that the JPPL vehicle list does not comply with the Court's April 25, 2016 order which required vehicle information for the proposed class period, not just from the date of the first vehicle seizure.

warned plaintiffs' counsel as to the risk of non-compliance and the possibility of sanctions. The Court then issued an Order on July 22, 2016, which states, in part, that "Plaintiffs must produce to Defendants title, registration, and insurance information for John Peters Professional Limousines, Inc. ("JPPL") on or before August 8, 2016." (Dkt. 129 at ¶ 2). Unfortunately, plaintiffs and their counsel have once again chosen to disregard this Court's orders and to obstruct lawful discovery in this case.

August 2016 JPPL Production

On August 5, 2016, plaintiffs' counsel Daniel Ackman emailed to defense counsel a copy of a JPPL insurance policy that listed seventeen (17) vehicles, as well as copies of registrations for eleven (11) vehicles only.[3] No titles were provided for any of the forty-nine vehicles identified on the JPPL vehicle list. Specifically, with regard to the JPPL vehicle identified in the Complaint, plaintiffs provided no documentation whatsoever. After reviewing the limited August 5, 2016 production, the undersigned immediately emailed plaintiffs' counsel and inquired whether it was the entirety of the JPPL production. Four days later, on August 9, 2016, Mr. Ackman emailed defense counsel back and stated the following: "Yes. If you are wondering about the titles, all of JPPL's vehicles are leased or financed so the title documents are not in its custody."[4] Mr. Ackman offered no explanation for the missing registrations for thirty-eight (38) vehicles on the JPPL list or the missing insurance information for thirty-two (32) vehicles on the JPPL list.

Simply put, it is inconceivable that a licensed limousine company has no documentation in its possession evidencing who is the titled owner of any of its vehicles or the registered owner of more than three quarters of its vehicles. During the court appearance on July 21, 2016, plaintiffs' counsel Andrew St. Laurent assured the Court that "we have the title, registration, and insurance information for JPPL[.]" 7/21/16 Tr. at 23:24-24:3. Although Mr. St. Laurent later noted that he could only give over what was in the custody of his plaintiffs, he also stated that JPPL "is a professional company. I'm assuming they have fairly comprehensive records[.]" Id. at 24:17-22. Yet, now, plaintiffs' counsel would have us believe that JPPL, a licensed limousine company, has virtually no vehicle records for its fleet. Such claims cannot be credited.

Defendants' Efforts to Resolve JPPL Discovery Issue Without Court Intervention

Following Mr. Ackman's August 9, 2016 email, the undersigned contacted plaintiffs' counsel to express skepticism about the representation that JPPL had no title documentation and provide yet another opportunity for plaintiffs to produce the court-ordered material. In an effort to work through these problems without court intervention, the defendants requested an affidavit

---

[3] In the August production, plaintiffs provided copies of twelve registrations, but one of those registrations was a duplicate.

[4] In the two years of this litigation, JPPL has never been identified as a lessee. Instead, it has always been identified as a vehicle owner.

from one of the owners of JPPL attesting that the corporation had no copies of any titles in its possession. In addition, on August 11, 2016, defendants served a very limited follow-up set of interrogatories and document requests seeking information that might obviate the need for court intervention. Specifically, defendants served two new interrogatories requesting that plaintiffs identify which of the listed JPPL vehicles were leased and which were financed as described in Mr. Ackman's August 9, 2016 email, and further, that they identify who has custody of the title documents for each vehicle (i.e. auto dealership, bank). Defendants also served one new document request which asked for a copy of the leasing or financing agreement related to the one JPPL vehicle identified in the Complaint. This was done under the assumption that the leasing or financing agreement may identify who were the titled and registered owners of that vehicle, as well as the length of any lease, if applicable.

Plaintiffs and their counsel waited more than thirty days, until September 12, 2016, to object to these three new queries on the basis that they were supposedly not relevant. Such a response violates the dictates of FRCP 26, as these limited queries are certainly not disproportionate or unreasonable in light of the deficient August 5, 2016 JPPL production and Mr. Ackman's August 9, 2016 email. Moreover, in providing such a non-responsive answer, plaintiffs and their counsel disregard the fact that the parties have already argued before this Court about the relevancy of the title, registration, and insurance information and that the Court has issued two orders directing the plaintiffs to turn over such information. Notably, along with failing to provide a lawful response to defendants' August 11, 2016 interrogatories and document request, plaintiffs also failed to provide the requested affidavit from an owner of JPPL confirming that the corporation did not have copies of any of the titles in its possession.

Sanctions are Warranted

The August 5, 2016 JPPL production does not comply with this Court's April 25, 2016 and July 22, 2016 Orders. Furthermore, the representation of plaintiffs' counsel Daniel Ackman on August 9, 2016 that JPPL has no title documentation in its possession is simply not credible. At this point, it can only be assumed that plaintiffs are intentionally and willfully seeking to obstruct lawful discovery in this case.

Indeed, plaintiffs and their counsel have been playing a game of cat and mouse for months with regard to plaintiffs JPPL and Michael Harrell, in particular, seeking to impede efforts to obtain documents and information critical to the City's defenses. This Court specifically warned plaintiffs' counsel on July 21, 2016, during the last court conference, that continued non-compliance in discovery could result in sanctions. Accordingly, pursuant to FRCP 37, defendants intend to file a motion to strike the pleadings of plaintiffs JPPL and Michael Harrell, for whom little, if any, responsive vehicle documentation has been provided. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976); Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298 (2d Cir. 2009); Minotti v. Lensink, 895 F.2d 100 (2d Cir. 1990). In addition, pursuant to FRCP 37, defendants intend to request reasonable expenses

caused by plaintiffs' failure to comply with this Court's discovery orders, along with any other sanctions this Court deems just and appropriate.[5]

Thus, in accordance with Section 3(A) of this Court's Individual Rules, defendants are seeking to coordinate a teleconference with this Court to discuss the defendants' proposed motion to strike the pleadings of plaintiffs JPPL and Michael Harrell.

Respectfully submitted,

/s/

Karen B. Selvin
*Counsel for Defendants*


cc:   Andrew St. Laurent (by ECF)
      Daniel L. Ackman (by ECF)
      *Counsel for Plaintiffs*

---

[5] Should the Court determine that the striking of the pleadings of plaintiffs JPPL and/or Michael Harrell is not warranted, defendants submit that at a minimum, an adverse inference should be entered against those plaintiffs based on their failure to provide the court-ordered vehicle information. See, e.g., Gao v. Perfect Team Corp., 10 CV 1637, 2013 U.S. Dist. LEXIS 182165 (E.D.N.Y. 2013).